UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DMTS, Inc.,

       Petitioner,

                                   Case No. 14-51001
v.                                        Hon. Victoria A. Roberts

DMC, Inc.,

       Respondent.
_____/

## ORDER GRANTING DMTS' MOTION FOR SANCTIONS [ECF No. 24]

### I. Introduction

DMTS, Inc., filed a Motion for Sanctions. It argues that DMC, Inc., failed to produce documents despite repeated orders by this Court. DMC has not complied with the Court's third and most recent order; there, the Court explicitly said such failure could result in sanctions up to and including the entry of a default judgment. The Motion is fully briefed. The Court held a telephone conference on June 30, 2016 with Frederick Acomb representing DMTS and Kevin Stoops representing DMC. Both parties had an opportunity to be heard.

DMTS' Motion for Sanctions is **GRANTED**.

### II. Background

On July 24, 2014, DMTS filed a Petition to Confirm the April 10, 2014 Arbitral Award ("Arbitration Award") resulting from proceedings conducted in the Republic of Korea. The relationship between the parties developed in 2006; they signed a sales agreement giving DMTS the exclusive right to sell rubber parts for cars to customers in

1

the United States and Canada. In 2008, the parties modified the contract to expand the territory. In April 2011, the parties entered a sales markup agreement which said the sales markup payable to DMTS is tentatively ten percent of all sales but the parties would determine the average markup in April of each year.

In May 2011 the parties entered into an escrow agreement with a bank for customer payments. The bank was supposed to automatically transfer to DMTS, the amount of its sales markup, and then transfer the remainder to DMC. A dispute arose when DMC said it could cancel the agreements and decrease or cease paying DMTS the sales markup.

On October 4, 2012 DMC requested arbitration. DMTS says the Arbitration Award found DMC obligated to pay 11% sales markup to DMTS and ordered DMC to pay it for past sales and going forward. DMC says the Arbitration Award was entirely in its favor.

In order to calculate what it believes it is owed under the Arbitration Award, DMTS served DMC with six document requests. An early DMC Motion to Quash was denied. The Court ordered DMC to answer the discovery requests by October 8, 2015. DMTS says DMC failed to do so. On November 6, 2015, the Court entered a second Order directing DMC to produce discovery by December 1, 2015. On December 12, 2015, the Court entered a third Order directing DMC to: (1) produce all discovery requested by February 19, 2016; and (2) file an affidavit swearing it has produced all of the discovery requested. The Court finds that DMC did not comply with that Order.

While DMC produced more documents, DMTS says DMC missed the February deadline to file an affidavit. Instead, five days later DMC filed two unsworn declarations.

Furthermore, the declarations do not swear that all requested discovery has been produced, but instead say that DMC has turned over "responsive" documents, including corresponding spreadsheets. DMTS says it remains unable to calculate the amount it is owed because DMC refuses to turn over the underlying sales documents and records. DMTS says DMC failed to turn over other documents, such as bank records and emails, despite evidence that relevant other documents exist.

### III. Legal Standard

Under Fed. R. Civ. P. 37, the Court has authority to impose sanctions for abuse of the discovery process or for failure to obey a discovery order. There is a four factor test to determine whether sanctions are warranted. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered." *Brown v. Tellermate Holdings Ltd.*, No. 11-1122, 2015 WL 4742686, at *6 (S.D. Ohio Aug. 11, 2015) (Citing *Freeland v. Amigo*, 103 F.3d at 1277).

In addition to the remedies available under the Federal Rules of Civil Procedure, "[a] district court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003).

### IV. Discussion

DMTS says sanctions are necessary because DMC refused to comply with multiple orders by the Court.  It says DMC: (1) failed to produce all requested discovery and provide a sworn affidavit; (2) did not provide sufficient reasons to justify its non-production; (3) represented that emails are deleted after ninety days but does not say whether it halted document destruction once the action commenced; and (4) refuses to acknowledge the scope of its noncompliance and suggests that production was merely delayed and that any oversights are not wilful or prejudicial.

The Court finds DMC failed to cooperate in discovery and the four factor test weighs in favor of sanctions.  The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault.  DMC's failure to produce appears to be wilful.  During the phone conference, counsel for DMC said it disagrees with the premise that the April 10, 2016 Arbitration Award granted any relief to DMTS and since it believes DMTS' claim is without merit, the documents DMTS seeks are irrelevant.

The second factor, whether the adversary was prejudiced by the party's failure to cooperate, also weighs in favor of sanctions.  DMTS says the arbitration panel awarded it a monetary amount on a percentage basis and it needs sales information in order to calculate its damage award.

The remaining factors, whether the party was warned that failure to cooperate could lead to the sanction; and whether less drastic sanctions were first imposed or considered, also favor sanctions; DMC was repeatedly instructed to produce these documents.  DMC was also warned in the Court's last discovery Order that failure to fully comply could lead to sanctions, including imposition of default judgment.

As one of four potential sanctions, DMTS requests $5,000 a day for each day

4

that DMC fails to produce the documents. The Court believes this is a reasonable sanction. And, it is far less drastic than the sanction the Court will impose if DMC continues to ignore the Court's Orders: default judgment.

## V.   Conclusion

DMC is **ORDERED** to pay DMTS, through counsel, five thousand dollars ($5,000) a day beginning July 5, 2016 and continuing until the following conditions are met:

1. DMC must produce all relevant documents corresponding to DMTS' discovery requests.

2. DMC must file an affidavit swearing that it has produced all of the discovery requested by DMTS.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 1, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 1, 2016.

S/Carol A. Pinegar
Deputy Clerk

5